## CIRCUIT COURT OF HENRICO COUNTY

Crothall Hospital Services, Inc.
and Crothall American, Inc.

v.

Emmett DePree Barham,
National Medical Consultants, Inc.,
American Hospital Supply Corp. and
Lumbermens Mutual Casualty Co.

November 30, 1983

Case No. 82-C-727

By JUDGE.L. PAUL BYRNE

This is an action for declaratory judgment filed pursuant to § 8.01-184, Code of Virginia of 1950, as amended. The action has been submitted for the Court's consideration and decision upon the pleadings, upon an agreed statement of facts, upon the argument of counsel, and upon memoranda of law filed by counsel.

The facts material to the Court's decision are set out below:

Emmett DePree Barham ("Barham") has filed in this Court a motion for judgment alleging that on August 20, 1980, he slipped and fell on water on a floor of St. Mary's Hospital located in Henrico County. In his suit, Barham claims to have been injured as a result of his fall. His suit names as defendants St. Mary's Hospital of Richmond, Inc. ("St. Mary's"), American Hospital Supply Corporation, t/a American Management Services ("American Hospital"), National Medical Consultants, Inc., t/a American Management Services ("National Medical"), Crothall Hospital Services, Inc.

("Crothall Hospital"), and Crothall American, Inc. ("Crothall American"). Barham alleges in his suit that all defendants were negligent in permitting the alleged water to remain on the hospital's floor and to cause his fall, and seeks recovery therefor from all such defendants.

St. Mary's is the owner of the hospital and as such has entered into a written agreement with American Management Services ("American Management"), for cleaning services in the hospital prior to Barham's alleged fall.

Prior to February 29, 1980, American Hospital owned all of the assets of the business operated under the fictitious name of American Management Services Division of American Hospital Supply Corporation. On February 29, 1980, American Hospital sold its assets, consisting of its business operating under such fictitious name, and American Management thereupon became a wholly-owned subsidiary of National Medical. The contract documents effectuating such sale contained a provision specifically assigning to National Medical the service contract between American Management and St. Mary's.

On February 28, 1980, American Management procured from the defendant, American Motorists Insurance Company, the latter's general liability Insurance Policy No. OYM-813-430 with an effective policy period running from February 28, 1980, to February 28, 1981.

On January 4, 1982, National Medical was purchased by Crothall Hospital and with this acquisition Crothall Hospital merged with American Management to become Crothall American. The agreement evidencing this purchase reflects the purchase by Crothall Hospital of all of American Management's assets, and provides that such agreement is to be governed and construed in accordance with the laws of the State of Delaware.

Crothall American is the present name of the entity which had contracted with St. Mary's to perform janitorial services at the hospital on August 20, 1980.

The sole issue before the Court is whether or not with respect to Barham's alleged fall and injury coverage is extended under American Motorists' policy to the plaintiffs, Crothall Hospital Services, Inc. and Crothall American, Inc.

While the factual setting for this issue is somewhat complicated, the issue itself may be resolved with relative ease.

First consideration, of course, must be given to the status of American Management on August 20, 1980, the date of the alleged accident. On that date, American Management was a wholly-owned subsidiary of National Medical and was the named insured under the liability insurance policy issued by American Motorists Insurance Company. Thus, it is abundantly clear that on August 20, 1980, American Management was covered by the terms of the policy in issue with respect to liability on its part for the alleged fall and injury.

As stated above, Crothall Hospital merged with American Management on January 4, 1982, at which time the merged entities became Crothall American. In effect on that date was Delaware Code, Title 8, § 259(a), which provided, in pertinent part, the following:

> When any merger or consolidation shall have become effective under this chapter, . . . the separate existence of all the constituent corporations, or of all such constituent corporations except the one into which the other or others . . . have been merged . . . shall cease and the constituent corporations shall become a new corporation, or be merged into one of such corporations, . . . possessing all the rights . . . , and being subject to all the . . . duties of each of such corporations so merged . . . ; and . . . . all other things in action or belonging to each of such corporations shall be vested in the corporation surviving or resulting

> from such merger . . . and all . . . liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said . . . liabilities and duties had been incurred or contracted by it.

By reference to the agreement of purchase between National Medical and Crothall Hospital (Exhibit F, Agreed Statement of Facts), it is readily apparent that Crothall Hospital and Crothall American succeeded, by dint of these statutory provisions, to the coverage right of American Management under the policy issued by American Motorists Insurance Company.

In reaching this conclusion, the Court has not been unmindful of the several contentions advanced by the defendant, American Motorists Insurance Company.

The first of those contentions is that coverage for Crothall Hospital and Crothall American is barred by the provision of the policy prohibiting its assignment without the insurer's consent. The ready answer to this argument is that such provisions have no application with respect to a coverage claim that has already accrued. See Couch on Insurance 2d § 63:40:

> The great weight of authority supports the rule that general stipulations in policies prohibiting assignments thereof except with the consent of the insurer apply to assignments before loss only, and do not prevent an assignment after loss. . . .

Further, see 43 Am. Jur. 2d Insurance § 791, where the rule is stated:

> After the event upon which liability under an indemnity or liability policy is fastened upon the insurer, the policy or rights thereunder may be assigned with or without the consent of the insurer; in such case, it is not the personal contract which is being

assigned, but a claim under or a right of action on the policy.

The second contention advanced by American Motorists Insurance Company is that its being called upon to defend Crothall Hospital and Crothall American will impose upon it additional and more complex burdens than it would have defending only American Management. In the Court's view, this contention is simply without merit. Whether the defendant charged with negligence be American Management, Crothall Hospital or Crothall American--or all three--the facts surrounding the alleged accident are entirely the same.

In summary, the Court concludes that the plaintiffs are entitled to a judgment declaring coverage in their favor under the policy issued by American Motorists Insurance Company with respect to the claim by Barham.